UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
                                                          :
CAISY FRANK,                                              :

                                     Plaintiff,                  :
   -against-                                      :
                                                             :        13-cv-03987 (NSR)
                                                             :        OPINION & ORDER
DETECTIVE MINET and DETECTIVE KELSH,  :
                                                             :
                                   Defendants.        :
----------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

       Caisy Frank, a New York State prisoner and plaintiff *pro se* ("Plaintiff"), brings this action pursuant to 42 U.S.C. § 1983 against Detective Minet and Detective Kelch, sued as Detective Kelsh (together, "Defendants"). Before the Court is Defendants' motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). For the following reasons, Defendants' motion is DENIED in part and GRANTED in part, without prejudice to allow Plaintiff an opportunity to replead.

    **I.**    **Facts**

       The following facts, taken from Plaintiff's Complaint, are presumed true for the purposes of this motion. Plaintiff alleges that on March 21, 2013, he was handcuffed and placed in the backseat of a police vehicle at the Ridge Hill Mall in Yonkers, New York. Detective Minet questioned Plaintiff about the location of a certain set of keys for approximately ten minutes, after which time, Detective Minet punched Plaintiff in the face several times and choked him. Other officers pulled Detective Minet away from Plaintiff, who then kicked out the passenger side window of the police car. Detective Kelch was the arresting officer, and apparently

witnessed Detective Minet attacking Plaintiff. Plaintiff also alleges that after he kicked the window, he was pulled out of the police car and "jumped" by several officers.

Plaintiff claims that due to the attacks, he sustained deep cuts to his head, just above the hairline and inside his right ear, and a large bump behind his right ear. He also alleges that due to the purposeful tightening of his handcuffs after he was dragged out of the police car, his wrists were bleeding. He claims that he did not receive any medical treatment from the police and only received medical care after being booked at the county jail and signing up for sick call.

## II.     Legal Standard

On a motion to dismiss for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. A claim is facially plausible when the factual content pleaded allows a court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a facially plausible claim upon which relief may be granted is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

"*Pro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*." *Thomas v. Westchester*, No. 12–CV–6718 (CS), 2013 WL 3357171 (S.D.N.Y. July 3, 2013). The court should read *pro se* complaints "'to raise the strongest arguments that they suggest,'" *Kevilly v. New York,* 410 F. App'x 371, 374 (2d Cir. 2010) (summary order) (quoting *Brownell v. Krom,* 446 F.3d 305, 310 (2d Cir. 2006)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("even after *Twombly*, though, we remain obligated to construe a pro se complaint liberally."). "In addition, because a pro se plaintiff's allegations must be construed liberally, it is appropriate for a court to consider factual allegations made in a pro se plaintiff's opposition memorandum, as long as the allegations are consistent with the complaint." *Brooks v. Jackson*, No. 11 Civ. 6627(JMF), 2013 WL 5339151, at *3 (S.D.N.Y. Sept. 23, 2013). "However, even pro se plaintiffs asserting civil rights claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).  Dismissal is justified, therefore, where "the complaint lacks an allegation regarding an element necessary to obtain relief," and therefore, the court's "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Geldzahler v. New York Medical College*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations and alterations omitted).

The materials that may be considered on a motion to dismiss are those "asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). One way a document may be deemed incorporated by

3

reference is where the complaint "refers to" the document. *EQT Infrastructure Ltd. v. Smith*, 861 F. Supp. 2d 220, 224 n. 2 (S.D.N.Y. 2012). Especially important to the inquiry of whether to consider a document outside the Complaint is whether Plaintiff has notice of such documents. *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("[T]he district court . . . could have viewed [the documents] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim."). Conversely, when the defendant includes documents that do not fall into these categories, "a district court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment . . . and afford all parties the opportunity to present supporting material." *Friedl v. City of N.Y.*, 210 F.3d 79, 83 (2d Cir. 2000) (internal quotation marks omitted). Although a court may sometimes consider documents outside of the Complaint where Plaintiff has notice of such documents, that becomes problematic when Plaintiff does not have an opportunity to respond to such documentation. *See Cortec Indus.*, 949 F.2d at 48. Defendants include Plaintiff's "Booking Data Sheet" as an exhibit to their reply memorandum, Reply Aff. Ex. A, which includes his mug shot. Plaintiff may have had notice of this document but he had no opportunity to respond to it. Therefore, the Court will not consider the Booking Data Sheet on this motion to dismiss.

### III.    Discussion

Liberally construing the *pro se* Complaint, Plaintiff's factual allegations raise claims of excessive force and denial of medical treatment. It is well settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite for an award of damages under § 1983." *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).

### a. Excessive Force

The Fourth Amendment prohibits police officers from using excessive force in the context of an arrest. *Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Courts apply an objective reasonableness standard to determine whether the force used was excessive. *Id.* (quoting *Bryant v. City of New York*, 404 F.3d 128, 136 (2d Cir. 2005)). Thus, "the inquiry is necessarily case and fact specific and requires balancing the nature and quality of the intrusion on the plaintiff's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* (citing *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 123 (2d Cir. 2004)). To determine whether the force used was reasonable, courts consider "(1) the nature and severity of the crime leading to the arrest, (2) whether the suspect pose[d] an immediate threat to the safety of the officer or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight." *Id.* (citations omitted). The evidence is viewed "from the perspective of a reasonable officer on the scene," allowing for "the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.* (internal quotation marks and citations omitted).

Additionally, to succeed on an excessive force claim, "a plaintiff generally must prove he sustained some injury . . . ." *Ragland v. City of Mount Vernon*, No. 11 CV 1317 (VB), 2013 WL 4038616, at *6 (S.D.N.Y. July 12, 2013) (citing *McAllister v. N.Y.C. Police Dep't*, 49 F. Supp. 2d 688, 699 (S.D.N.Y. 1999)). However, "an injury need not be serious in order to give rise to a constitutional claim." *Sash v. United States*, 674 F. Supp. 2d 531, 539 (S.D.N.Y. 2009) (quoting *Ortiz v. Pearson*, 88 F. Supp. 2d 151, 160 (S.D.N.Y. 2000)). "While the severity of plaintiff's

injuries is not determinative, it is relevant to the consideration of whether the force used was reasonable." *Hamilton v. Broomfield*, No. 95 Civ. 3241(MBM), 1998 WL 17697, at *2 (S.D.N.Y. Jan. 20, 1998). "Even where the arrestee resists or assaults the officer[,]" a police officer is not entitled to use an unlimited degree of force. *Garcia v. Greco*, No. 05 Civ 9587(SCR)(JFK), 2010 WL 446446, at *4 (S.D.N.Y. Feb. 9, 2010).

### i. Detective Minet

Plaintiff alleges that it was after he was handcuffed and placed in the back of the police car that Detective Minet punched him in the face several times and choked him. Looking to the factors that the court may weigh, although the nature of the crime leading to Plaintiff's arrest is not clear, Plaintiff, who was detained in the back seat of a police vehicle with multiple officers at the scene, clearly posed little threat to police officers nor was he attempting to flee. Although Plaintiff does admit to kicking out the window of the vehicle, Plaintiff alleges that he was punched and choked before that occurred. In deciding whether force used was *de minimus*, the Second Circuit has noted that "liability may exist where an officer 'gratuitously inflict[s] pain in a manner that [is] not a reasonable response to the circumstances.'" *Phelan v. Sullivan*, 541 F. App'x 21, 25 (2d Cir. 2013). From the facts alleged in the Complaint, that certainly seems to be the case here. Taking Plaintiff's facts as true, Detective Minet punched him multiple times in the face while he was restrained and surrounded by other officers. Such conduct cannot be said to be reasonable under the circumstances. *See Hayes v. New York City Police Dept.*, 212 F. App'x 60, 62 (2d Cir. 2007) ("We certainly cannot say that hitting an arrestee seated and handcuffed in the back of a police car with a nightstick is reasonable.").

### ii. Detective Kelch

"A police officer is personally involved in the use of excessive force if he either: (1) directly participates in an assault; or (2) was present during the assault, yet failed to intercede on behalf of the victim even though he had a reasonable opportunity to do so." *Russo v. DeMilia*, 894 F. Supp. 2d 391, 414 (S.D.N.Y. 2012) (quoting *Jeffreys v. Rossi*, 275 F. Supp. 2d 463, 474 (S.D.N.Y. 2003)). Detective Kelch was the arresting officer but did not partake, as far as the facts in the Complaint state, in the assault, and therefore did not "directly participate." He was, however, present during the assault. It is unclear whether he "failed to intercede" because Plaintiff states that other officers did pull Detective Minet away from him. At the present posture, and taking into consideration the leniency provided *pro se* plaintiffs, Plaintiff has plausibly plead that Detective Kelch was involved in the use of excessive force.

### b. Denial of Medical Treatment

Because plaintiff was under arrest and in custody, his claim is properly analyzed under the due process clause of the Fourteenth Amendment rather than the Eighth Amendment's cruel and unusual punishment clause. *See Bryant v. Maffucci*, 923 F.2d 979, 983 (2d Cir. 1991). The Second Circuit applies the same standard to deliberate indifference claims under both the Fourteenth and Eighth Amendments. *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996).

The Due Process Clause of the Fourteenth Amendment "require[s] the responsible government or governmental agency to provide medical care to persons . . . who have been injured while being apprehended by the police." *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). "When a denial of medical care claim arises in the context of arrest and pretrial detainment, 'the official custodian of [the arrestee] may be found liable for violating the [arrestee's] due process rights if the official denied treatment needed to remedy a serious medical condition and did so because of his deliberate indifference to that need.'" *Ricks v. O'Hanlon*, No.

07 Civ. 9849(WHP), 2010 WL 245550, at *7 (S.D.N.Y. Jan. 19, 2010) (quoting *Weyant*, 101 F.3d at 856). There are two elements that the Plaintiff must show: (1) objectively, Plaintiff must show that he had "a serious medical condition," and (2) subjectively, Plaintiff must show that the serious condition was met with "deliberate indifference." *Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000).

### i. Objective Seriousness

For the first prong, a sufficiently serious medical need "contemplates 'a condition of urgency, one that may produce death, degeneration, or extreme pain.'" *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Plaintiff's injuries include a cut on his forehead, just above the hair line, a cut inside his ear, a lump behind his ear, and lacerations on his wrists. A non-exhaustive list of factors a court may look to in determining the severity of an injury include "(1) whether a reasonable doctor or patient would perceive the medical need in question as important and worthy of comment or treatment, (2) whether the medical condition significantly affects daily activities, and (3) the existence of chronic and substantial pain." *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003) (internal quotations and citation omitted). Head injuries, especially cuts, are injuries that those in the medical profession are likely to find worth of attention. Plaintiff alleges that he suffers from headaches since the incident. At the pleading stage, Plaintiff might have met the objective standard of showing that his injuries were objectively serious. However, even considering the injury to be serious, Plaintiff has not met the second prong of showing deliberate indifference.

### ii. Deliberate Indifference

As for the subjective prong, "[a]n official acts with the requisite deliberate indifference when that official 'knows of and disregards an excessive risk to inmate health or safety; the

8

official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970). Only "a significant delay in medical treatment" for an injured arrestee may "ris[e] to the level of constitutional injury." *Santiago v. City of New York*, No. 98 Civ. 6543(RPP), 2000 WL 1532950, at *6 (S.D.N.Y. Oct. 17, 2000). Where the injury is "so obvious or otherwise must have been known to a defendant [it] is sufficient to permit a jury to conclude that defendant was actually aware of it." *Felder v. Filion*, 368 F. App'x 253, 256 (2d Cir. 2010) (citing *Brock*, 315 F.3d at 164).

Plaintiff must allege that each defendant acted with deliberate indifference. *See Brock*, 315 F.3d at 164. There is no indication from Plaintiff's Complaint that either defendant was personally involved in denying Plaintiff medical treatment. Plaintiff states only that the "county police" denied him treatment but does not allege individual participation in that denial by either of the defendants here. Further, the injuries that Plaintiff complains of are not readily visible. The cut to his head was above the hairline, meaning that it was covered by Plaintiff's hair. The other injuries were to the inside of his ear and behind his ear, making it likely that they were not visible to someone facing Plaintiff or on the side of his body without the injuries. Because of this, his injuries were not "so obvious" as to impute awareness upon the defendants. Plaintiff does not allege that he requested medical treatment, which would have signaled that he might have needed medical attention, only that he was "denied" treatment upon arrival at the county jail.

"'[A] pro se complaint is to be read liberally,' and should not be dismissed without granting leave to replead at least once when such a reading 'gives any indication that a valid

9

claim might be stated.'" *Barnes v. U.S.*, 204 Fed. App'x 918, 919 (2d Cir. 2006) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Taking Plaintiff's *pro se* status into consideration, the Court will permit Plaintiff an opportunity to amend his Complaint.

### IV. Conclusion

Accordingly, Defendants motion is DENIED in part and GRANTED in part without prejudice to provide Plaintiff leave to replead on the issue of denial of medical treatment. Plaintiff has thirty (30) days from the date of this order to amend his Complaint, if he so desires. If Plaintiff chooses not to amend his Complaint within the time provided, the Court will grant Defendants' motion to dismiss Plaintiff's denial of medical treatment claim. The Clerk of the Court is respectfully requested to terminate the motion, Docket No. 21.

Dated:  April 24, 2014         SO ORDERED:
        White Plains, New York

                                        _____ 4/24/14
                                        NELSON S. ROMÁN
                                        United States District Judge